IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**TIMOTHY LOCKABY**,

Petitioner,

v.

**JANET DOWLING**, Warden,

Respondent.

Case No. 21-CV-061-JFH-KEW

**OPINION AND ORDER**

This action is before the Court on Respondent's motion to dismiss Petitioner's amended petition for writ of habeas corpus as barred by the statute of limitations and as unexhausted. Dkt. No. 10. Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Dick Conner Correction Center in Hominy, Oklahoma.

Petitioner is challenging his state conviction in Leflore County, Case No. CF-2013-182, wherein Petitioner pleaded guilty to one count of first-degree manslaughter.[1] He raises a single ground for relief challenging the Oklahoma court's subject matter jurisdiction because he is a "1/32 Choctaw Blood Indian, and the charged of crime occurred in the Choctaw Nation Reservation, pursuant to 18 U.S.C. §1153 and §1151." Dkt. No. 7 at 5.

---

[1] Petitioner claims he pleaded nolo contendere to the charges. [Dkt. No. 7 at 2. However, the Oklahoma State Court Network (OSCN) indicates that Petitioner pleaded guilty. *See* OSCN at http://www.oscn.net. The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

I.   **Statute of Limitations**

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). The statute provides that:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that Petitioner pleaded guilty to one count of manslaughter on September 18, 2013. Dkt. No. 7 at 1. Because Petitioner did not timely seek to withdraw his plea or seek certiorari appeal to the OCCA, Petitioner's conviction became final on September 30, 2013. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App; Okla. Stat. tit. 22, § 1051.[2]   Pursuant to 28 U.S.C. § 2244(d)(1), Petitioner's statutory year began to run on

---

[2] The tenth day following sentencing fell on Saturday, September 28, 2013, therefore Petitioner's conviction was not considered "final" for purposes of § 2244(d)(1)(A) until the following Monday, September 30, 2013. *See Pearson v. Ward*, 184 F. App'x 760, 761, 2006 WL 1660029, at *1, n.1

October 1, 2013, and it expired on October 1, 2014. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (calculating one-year period as beginning to run the day after the judgment and sentence becomes final, using method set forth in *United States v. Hurst*, 322 F.3d 1256, 1260–61 (10th Cir. 2003)). Petitioner filed this habeas petition on February 22, 2021, more than six years after the statutory deadline. Thus, Petitioner's habeas petition is untimely.

### A. Tolling Pursuant to 28 U.S.C. §2244(d)(2)

Pursuant to 28 U.S.C. §2244(d)(2), the statute of limitations is statutorily tolled while a properly filed application for post-conviction relief or other collateral review of the judgment at issue is pending. *See Burger v. Scott*, 317 F.3d 1133, 1136-1137 (10th Cir. 2003) ("Congress did not draft the federal limitations period to begin running only at the end of a particular state's exhaustion process. Instead, the statute is clear that the limitations period starts from the latest of four specific dates, but that the period may be tolled once the state court exhaustion process has begun."). State procedural law determines whether an application for state postconviction relief is "properly filed." *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003). Respondent alleges Petitioner is not entitled to statutory tolling because no state petition, post-conviction application, or other collateral review was filed within the one-year period after his conviction became final.

Petitioner filed a Motion for Judicial Review on March 16, 2015, and the trial court denied this Motion on April 22, 2015. Dkt. No. 11-1.[3] Subsequently Petitioner filed four applications for

---

(10th Cir. 2006). *See also* Okla. Ct. Crim. App. R. 1.5 ("When any filing deadline falls on a day when the Clerk's office is closed, the filing due date will be on the next day that the Clerk's office is open for the performance of public business.").

[3] Respondent's exhibit Dkt. 11-1 is missing the cited page 5. **Error! Main Document Only.**The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

post-conviction relief on December 30, 2019; March 17, 2020; March 26, 2020; and December 29, 2020. *Id.*[4] The trial court denied each of the applications, and on March 4, 2022, Petitioner filed an intent to appeal the denial of his December 29, 2020, application. *Id.* Petitioner did not file any request for post-conviction relief before the statuary year ended on October 1, 2014. Dkt. No. 11-1. Thus, Petitioner's claim has not been statutorily tolled.

B.  Tolling Pursuant to 28 U.S.C. §2244(d)(1)(C)

The Court also finds Petitioner is not eligible for tolling under 28 U.S.C. §2244(d)(1)(C), which establishes that the statutory year runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." Although Petitioner does not directly claim that § 2244(d)(1)(C) is applicable, his argument seems to rest on the Supreme Court's recent decision in *McGirt v. Oklahoma*, 591 U.S. ___ (2020) and *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), *aff'd sub nom. Sharp v. Murphy*, 591 U.S. ___ (2020). As discussed below, *McGirt* does not provide a later start date for Petitioner's statutory year, and his habeas petition is untimely.

Because the Supreme Court did not recognize any new rights in *McGirt*, Petitioner cannot claim the benefit of § 2244(d)(1)(C) to use July 9, 2020 – the date of the McGirt decision – as the starting date for his one-year limitation period. *See* 28 U.S.C. § 2244(d)(1)(C). "[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989). Furthermore, a case does not "announce a new rule" where "it 'was merely an application of the principle that governed'" an earlier decision. *Id.* at 307 (citation omitted). Here, Respondent argues that *McGirt* was merely

---

[4] *See* http://www.oscn.net.

4

an application of *Solem v. Bartlett*, 465 U.S. 463 (1984), and it should not give Petitioner a new starting date. More importantly, the OCCA recently denied retroactive application to *McGirt* to cases on collateral review, and the U.S. Supreme Court denied a petition for a writ of certiorari. *State ex rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021), *cert. denied sub nom. Parish v. Oklahoma*, No. 21-467, __ U.S. __, 142 S.Ct. 757 (2022).

Accordingly, Section 2244(d)(1)(C) is inapplicable in the present case, and Petitioner is not entitled to have his statutory year begin on any date other than the date on which his conviction became final.

### C.  Equitable Tolling

The Court further finds that Petitioner has not shown he is entitled to equitable tolling. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Further, "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (*quoting Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)), *cert. denied*, 531 U.S. 1194 (2001). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation and internal quotation marks omitted).

> Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Simple excusable neglect is not sufficient. Moreover, a petitioner must diligently pursue his federal habeas claims . . . .

*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal citations omitted).

Moreover, courts may excuse noncompliance with the statute of limitations if the prisoner makes "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 14383, 392 (2013). "'[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (*citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). Actual innocence is not a constitutional claim, rather it instead serves as a gateway through which a habeas petitioner may pass to gain federal court review of constitutional claims that are otherwise barred by the statute of limitations. *Schlup v. Delo*, 513 U.S. 298, 315 (1995); *McQuiggin*, 569 U.S. at 392.

After careful review, the Court finds Petitioner has not demonstrated any unique, exceptional, rare circumstances, due diligence, or claim of factual innocence deserving of equitable tolling. Petitioner sets forth no argument for equitable tolling, nor presents any facts or circumstances showing or tending to show Petitioner is entitled to equitable tolling. Rather, the record shows that Petitioner has known of his Indian status since at least 2007, prior to the commission of the crime. Dkt. No. 1 at 6. Further, Petitioner has not diligently pursued his rights. The record shows Petitioner brought his single claim, questioning the jurisdiction of the Oklahoma courts, to the Oklahoma courts for the first time in December of 2019, six years after his conviction. Dkt. No. 11-3 at 1, 39.

Finally, Petitioner has not argued that he is factually innocent or did not commit the crime. Any claim of actual innocence is undermined by Petitioner's plea. *See Johnson v. Medina*, 547 F. App'x 880, 885 (10th Cir. 2013) ("While [the petitioner] claims that his guilty plea was involuntary and coerced, the state courts rejected that argument, and his plea of guilty simply undermines his claim that another individual committed the crime to which he pled guilty."). For these reasons,

6

it is clear that equitable tolling cannot be applied, and this habeas petition is barred by the statute of limitations.

Thus, Petitioner's statute of limitations has not been tolled, statutorily or equitably, and Petitioner's petition is time-barred.

## II.    EXHAUSTION OF STATE REMEDIES

Respondent also alleges this petition should be dismissed for Petitioner's failure to exhaust the state court remedies for his claims.  The Court must dismiss a state prisoner's habeas petition if the petitioner has not exhausted available state court remedies as to his federal claims.  *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b).  *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976).  "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982).

The record shows that Petitioner first raised the issue of subject matter jurisdiction on a petition for post-conviction relief on December 30, 2019.  Dkt. No. 11-3 at 1, 39.  Petitioner again raised the issue of subject matter jurisdiction in a second petition for post-conviction on March 17, 2020 and demanded a ruling on the issue.  Dkt. No. 11-6.  The trial court denied both petitions for postconviction relief on March 20, 2020.  Dkt. No. 11-1 at 5.  Petitioner did not appeal this Order. *Id*.  Subsequently, Petitioner filed a third application for post-conviction relief on March 26,2020.

Dkt. No. 11-1 at 6. The trial court denied Petitioner's third application on June 15, 2020. Petitioner filed a fourth application for post-conviction relief on December 29, 2020. Id. at 6. The trial court denied Petitioner's fourth application on January 27, 2022, and Petitioner filed a notice of post-conviction appeal on March 4, 2022. *Id*.

The record does not show that Petitioner appealed any decision regarding his petitions for post-conviction relief, although he filed a notice of post-conviction appeal on March 4, 2022, to appeal the order denying post-conviction relief entered on January 21, 2022. Dkt. No. 11-1.[5] Because Petitioner has failed to "properly present[] to the highest state court, either by direct review of the conviction or in a postconviction attack" his claim of subject matter jurisdiction, the Court finds that Petitioner has not exhausted his state court remedies. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Thus, for this additional reason, this Court must dismiss the petition.

### III.   CERTIFICATE OF APPEALABILITY

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). See also 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. See Rule 11(a) of the Rules Governing Section 2254 Cases.

THEREFORE, Respondent's Motion to Dismiss [Doc. No. 10] is GRANTED, and this action is DISMISSED in its entirety. All other pending motions are moot.

---

[5] *See* n. 1, 4. Petitioner filed his notice of intent to appeal after the Respondent filed its Response. Thus, the docket entry for March 4, 2022, does not exist on Dkt. No. 11-1, but the Court takes judicial notice of the filing.

IT IS SO ORDERED this 30th day of March 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE