IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**TIMOTHY LOCKABY,**

    Petitioner,

v.                                  Case No. 21-CV-061-JFH-KEW

**JANET DOWLING, Warden,**

    Respondent.

## OPINION AND ORDER

Petitioner filed this habeas corpus action pursuant to 28 U.S.C. § 2254, challenging his state conviction in LeFlore County District Court Case No. CF-2013-182 for First Degree Manslaughter. The sole ground for relief in his amended petition was a challenge to the state court's subject-matter jurisdiction based on an allegation that he is a "1/32 Choctaw Blood Indian," and the crime occurred in the Choctaw Nation Reservation. Dkt. No. 7 at 5. On March 30, 2022, the Court dismissed the petition as barred by the statute of limitations and for Petitioner's failure to exhaust state court remedies, and judgment was entered on that same date. Dkt. No. 29; Dkt. No. 30.

On April 18, 2022, Petitioner filed a 30-page "Motion 12(b)(1) and Objection to Magistrate's Recommendation [sic]," citing numerous statutes and cases. Dkt. No. 31. Rule 12(b)(1) of the Federal Rules of Civil Procedure concerns the defense of lack of subject-matter jurisdiction, and contrary to Petitioner's assertion, the Magistrate Judge did not enter a recommendation in this case. Petitioner apparently is reiterating his claim that Oklahoma lacked jurisdiction over his criminal prosecution because he is an Indian, and the crime occurred in Indian Country. Construing the motion liberally, *see Haines v. Kerner*, 404 U.S. 519 (1972), the Court

finds Petitioner's motion is a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment.").

The Court may reconsider a final decision if the moving party shows: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). "[T]he district court is vested with considerable discretion" in determining whether to grant or deny such a motion. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996). Granting a motion to alter or amend is an "extraordinary remedy which is used sparingly," in recognition of the interests in finality and the conservation of judicial resources. *Torre v. Federated Mut. Ins. Co.*, 906 F. Supp. 616, 619 (D. Colo. 1995), *aff'd*, 124 F.3d 218 (10th Cir. 1997); *cf. Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) (discussing related standard under Rule 60(b)).

Here, Petitioner's motion presents prolix allegations in an attempt to support his claim that the State lacked jurisdiction to prosecute him. However, his habeas petition was not dismissed on that issue. Instead, as stated above, the petition was denied because it was filed after expiration of the statute of limitations and because Petitioner had not exhausted his state court remedies. Petitioner acknowledges that there is a one-year limitation period, but he fails to address the Court's analysis of this issue, arguing instead that subject matter jurisdiction can never be waived or forfeited. Dkt. 31 at 20. The Tenth Circuit has previously rejected the argument that issues of subject matter jurisdiction are never waived and may be raised at any time. *See Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) ("Absence of jurisdiction in the convicting court is indeed

a basis for federal habeas corpus relief cognizable under the due process clause. . . . As with any other habeas claim, it is subject to dismissal for untimeliness.") (citation omitted). *See also Quattlebaum v. Crow*, No. CIV-22-084, 2022 WL 885044, at *1 (W.D. Okla. Mar. 24. 2022) ("[T]he § 2254 exhaustion requirement contains no exception for jurisdictional claims, so a petitioner must first exhaust state-court remedies even if he brings a *McGirt* claim alleging lack of state jurisdiction.") (footnotes omitted).

> Petitioner also asserts that:
>
> the State Courts of Okla. have adjudicated Plaintiff's/Petitioner's claim, and resulting in a decision that was "(Contrary To)," or involved and unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States, 28 USCS [sic] § 2254(d)(1), thus creating an [sic] "(Colorable Claim of Innocence)" by denying Plaintiff/Petitioner's "(sixth Amendment Right to court in the Legally Ascertained District)," and Prejudicing Plaintiff/Petitioner, by "(Violating Due Process)," of the sixth, and fourteenth Amendments.

[Dkt. No. 31 at 28] (punctuation in original).

This argument is meritless. Section 2254(d)(1) concerns the federal court's review of claims that were adjudicated on the merits in state court. This Court did not review the merits of Petitioner's claim, because he failed to exhaust his state court remedies and timely file his petition. Petitioner's claim was denied on procedural grounds.

After careful review, the Court finds Petitioner has failed to show: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; [or] (3) the need to correct clear error or prevent manifest injustice." *See Servants of the Paraclete*, 204 F.3d at 1012. Therefore, his motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) [Dkt. No. 31] must be DENIED. The Court also DENIES a certificate of appealability, as this ruling is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of

appealability can only issue where "reasonable jurists would find the district court's assessment of [a habeas matter] . . . debatable or wrong").

IT IS THEREFORE ORDERED that:

1. Petitioner's "Motion 12(b)(1) and Objection to Magistrate's Recommendation" [sic] [Dkt. No. 31] is construed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), and the motion is DENIED.

2. Petitioner is DENIED a certificate of appealability.

Dated this 29th day of April 2022.

                                                                    _____
                                                                    JOHN F. HEIL, III
                                                                    UNITED STATES DISTRICT JUDGE